FILED

JUN 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Leona P. Bell ) | |
|       *Plaintiff* ) | |
| 314 50th St., N.E., #23 ) | |
| Washington, DC 20019 ) | |
|       v. ) | CIVIL ACTION NO._____ |
| District of Columbia Government ) | |
| Women Services, D.C. General Hospital ) | |
| 1905 Massachusetts Avenue, S.E. ) | |
| Washington, DC 20003 ) | |
|     Mayor Anthony Williams ) | |
|     Ms. Bonita Bantom, Treatment ) | |
|     Manager; D.C. General Hospital ) | |
|     "Women's Services"; 1905 MA Ave.) | |
|     N.E., Wash., DC 20003 ) | |
|     Ms. Joyce McKenzie, Supervisor ) | CASE NUMBER 1:06CV01092 |
|     Treatment counselor, D.C. General ) | |
|     Hospital "Women's Services"; 1905 ) | JUDGE: Richard J. Leon |
|     MA Ave., S.E., Wash., DC 20003 ) | |
|     Mr. Haliburton, Treatment Counselor) | DECK TYPE: Civil Rights (non-employment) |
|     D.C. General Hospital, "Women's ) | |
|     Services"; 1905 MA Ave., S.E.; ) | DATE STAMP: 06/15/2006 |
|     Wash., DC 20003 ) | |
|     Mr. William Jackson, Treatment ) | |
|     Counselor; D.C. General Hospital ) | |
|     "Women's Services"; 1905 MA Ave.) | |
|     S.E; Wash., DC 20003 ) | |
|     Ms. Michelle Danett, LPN, D.C. ) | |
|     General Hospital "Women's Services" ) | |
|     1905 MA Ave., S.E., Wash., DC ) | |
|     20003 ) | |
|     Dr. John Bedeau, D.C. General ) | |
|     Hospital "Women's Services", 1905 ) | |
|     MA Ave., S.E., Wash., DC 20003 ) | |
|       *Defendant(s)* | |

RECEIVED MAY 3 0 2006 NANCY MAYER WHITTINGTON CLERK U.S. DISTRICT COURT

## COMPLAINT

1. Plaintiff, Leona P. Bell, life long resident of the District of Columbia, was forced out of treatment from her recovery by defendants due to element(s) that constitute any legality to formulate a hearing. Plaintiff has not violated any policy(ies), laws, or rules that would render any administrative action as forced detoxification without any medical treatment. Plaintiff was not afforded a patient/client advocate who represents plaintiff as an assistance in the Treatment Assessment Team (T.A.T); plaintiff is placed at a graved

disadvantage in the quest for justice. The hearing was held illegally and unlawfully without any elements that constitute a hearing of any legalities; medical documents were ignored, no witness(s); plaintiff was not given a chance to express herself or documents of elements of evidence of plaintiff's case. Basically, defendants had nothing but speculation(s), solely because no violation(s) occurred.

2. Plaintiff was a patient under the District of Columbia's Department of Health, under the direct care and safety of its agency "Addiction Prevention & Recovery Administration ("A.P.R.A."); "Women Services", 1905 Massachusetts Avenue, S.E., Washington, DC 20003, on the grounds of D.C. General Hospital (formerly known). Plaintiff is enlisted on a contractual agreement with "Women Services" to be provided treatment for substance abuse under direct care and safety of the treatment providers. Defendants violated the American w/Disability Act, denying plaintiff services using false statements, and speculations.

3. Plaintiff was forced out of treatment unlawfully, under total speculations, no known policy, regulation, or rule(s) that were displayed as evidence at the hearing; documents to defendants claim were **not** presented. Plaintiff followed all rules and earned that right to be given take-home medication. Take-home is when patient takes medication home to administer by self. Plaintiff has had this right for years without any incidence; urinals were always clean and all outside meetings were attended as part of recovery process. Plaintiff is under doctor's care for Bronchitis, Pneumonia, and is an asthmatic that has had operation(s) in hopes of making plaintiff's daily life manageable. Plaintiff has sort treatment pleurisy; defendants has copies of plaintiff's medical history but chose to ignore, which will and has caused further damage to plaintiff's health, which can also hasten death. (Exhibits are enclosed).

4. Defendants has no policy that will define any written violation, solely because the wrong date was allegedly on the take-home bottles returned to the medical unit by plaintiff from her earned privilege of "take-home" medication from "Women Services", at 1905 Massachusetts Avenue, S.E., Washington, DC 20003.

5. Defendants exercised their personal views, speculations, and prejudges in the rendering of unjust practices upon plaintiff. Because of this, defendants' deny plaintiff her rights to address her recovery and treatment.

6. Defendants displayed differential in treatment toward plaintiff (T.A.T.) treatment assessment team hearing; other clients/patients was rendered probation and lesser disposition for the same alleged offense of "wrong date on bottle" that is brought back for re-fills; defendants records will indicate and verify plaintiff's claim, that was held on the same day of the 29th of November, 2005, and before, for client/patient who has earned take home medication.

7. Plaintiff constitution/civil rights are being grossly violated by treatment providers who has been paid by the tax-payers of the District of Columbia; defendants having actual knowledge and acquiesce thereof. Defendants' denial of medical care, forced plaintiff to

2

detoxification without any medication, or medical personnel, at the risk of plaintiff's stated health issues. Plaintiff equal protection of law has been denied. Defendants violated plaintiff intentionally, committing tort upon plaintiff, while in the scope of their duties, under the common-law doctrine, under non-discretionary acts aimed towards the plaintiff. Defendants betrayed their trust, when in fact defendants having full knowledge of the consequences of the circumstances that was placed upon anyone of long term treatment, and forced into the street without any medical treatment and/or care. Defendants failed to properly treat plaintiff for forced detoxification; failing to adhere to prescribed services in accordance to medical associations.

8. Defendants utilization of unlawful practices of placing plaintiff or anyone into the community without treatment is harmful to the safety and the welfare of plaintiff and the community at large. Defendants displayed "Bad Faith" exercising discriminatory practices in the administering treatment. Plaintiff rights are wholly being denied by the "Municipal Corporation", and its entities thereof.

9. Defendants denied plaintiff benefits and services under D.C. Code § 7-3014; denying plaintiff fair opportunity under the rehabilitative plan, entitle to the benefits under D.C. Code § 7-3008, pursuant to § 7-3004, comprised of general revenue funds appropriated by the budget submitted pursuant to § 1-204.46, authorized by congress in an appropriation act for the purpose of the Drug Treatment Choice Program. Plaintiff was denied her rights to prescribed services in accordance to medical associations; funds were being misappropriated denying plaintiff of services and treatment; employment opportunities, and various services, defendants' states no program was set in place.
See attached documents:  § 7-3001 thru § 7-3014; 25 Am Jur. Ed
          Drugs and Controlled Substances § 257, Budget Support 2002
          Fiscal year (A.P.R.A.); Addiction Recovery Fund – Sec. 4201, 4203 and
          D.C. Code § 24-713, and Other Pertaining Legislative Findings

### Jurisdiction

This is a civil action authorized by **42 U.S.C.A.§1983**, to redress the deprivation under the color of law, of rights secured by the United States Constitution. This Court has jurisdiction under **28 U.S.C.A.§ 1331-1343.** Plaintiff seeks declaratory relief pursuant to 28 U.S.C.A.§2201-2202, and compensatory and punitive damages. Plaintiff invokes this Court jurisdiction under the United States Constitution Amendments of the fourth, Fifth, Eighth, and Fourteenth; Equal Protection of law; Civil Rights violations of § 1981-1986; Due Process Clauses.

### Venue

This is a Civil Rights Action in which the defendants/treatment providers are employees of the District of Columbia government and/or entities thereof, acting in their individual and official capacities under the color of legal authority. Venue is appropriate in this court pursuant to 28 U.S.C.A. § 1391(b) and 1391(e).

## Parties

Defendant, Mayor Anthony Williams is the rule making body that delegates standards to his agents and employees to implement and comply therein. The acts and omissions by named and un-named defendants acting under his policy, customs, regulations, and patterns has hindered, and denied plaintiff fairness or permitted plaintiff to exercise her fundamental ideas to the right to a meaningful addiction treatment recovery as prescribed by D.C. Codes, America's Medical Association(s), Surgeon General Standards, and the indicated intention of the legislatures. Defendant, Mayor Anthony Williams is being sued in his official capacity for fifty (50) thousand dollars compensatory and fifty (50) thousand dollars punitively for the acts and omissions of defendants that has caused the plaintiff pain and suffering in the denial of a meaningful recovery according to the laws that governs.

Defendant, Ms. Bonita Bantom, is the treatment manager, and is directly responsible for the daily operation thereof, who had direct knowledge of the given situation, and the violations of plaintiff's rights, but chose to ignore systematically; who is responsible for the finalization of the systematic decision there on site. Therefore, is liable in her individual and official capacity for compensatory damages of seventy (70) thousand dollars compensatory and eighty (80) thousand dollars punitive damages for her act and omissions.

Defendant Ms. Joyce McKenzie, Supervisor Treatment Counselor is directly responsible for the treatment phases, and governing the benefits, and opportunities that ate afforded the plaintiff under the D.C. Codes. She is responsible to evaluate the plaintiff's needs, to ensure that plaintiff receive the required opportunities that are prescribed by law; she failed to obey the course the legislature makers has set for addiction recovery; she intentionally denied plaintiff the treatment necessary for recovery to include job readiness, employment opportunities, housing and, counseling that will measure the plaintiff's particular treatment needs. Defendant is liable in her acts, and omissions in her official and individual capacity for compensatory damages of fifty (50) thousand dollars, and fifty (50) thousand dollars for punitive damages. Defendant conspired with the other defendants in their abuse of authority.

Defendant Ms. Haliburton, treatment counselor, is also responsible, failing to uphold the responsibilities of his duties to clients/patients which he is being paid as a servant to do so. B Failing to implement of the various benefits and services that the plaintiff is entitled as a patient/client, who placed her trust and faith in the hands of those who is duty bound to the deliverance of basis care, as an agent or representative of the "Municipal Corporation". Defendant conspired with the other defendants; defendant is liable in his acts and omissions, in his official and individual capacity for compensatory damages of forty (40) thousand dollars and forty (40) thousand dollars for punitive damages. Defendant conspired with the other defendants in their abuse of authority.

Defendant Mr. William Jackson, treatment counselor, is also directly responsible; failed to uphold that which was lawful, when he was duty-bound to do so; he did not want to be

viewed unfavorable by his co-workers. Failing to implement and coordinate the various services that the plaintiff was lawfully entitled as a patient/client. Defendant Jackson conspired with the other defendants denied plaintiff treatment with malicious forethoughts. Denying treatment services that are prescribed in the D.C., Codes, for his acts and omissions, defendant is liable in his official and individual capacity for compensatory damages of seventy (70) thousand dollars, and punitive damages of seventy (70) thousand dollars for his acts and omissions.

Defendant Ms. Michelle Danett, LPN, who is the responsible medical personnel on site, who have medical knowledge of the treatment phases of the program, who is to assist in the responsibilities of all medical decisions that are made on a daily basis at "Women Services" and over-see the medical services on site. She has the ethical responsibility for exercising a duty-of-care compatible with the same degree of care that a reasonable and prudent person would exercise in like circumstances. She is responsible for the medical care and treatment of the plaintiff in drawing of a disposition in medical matters. This medical personnel defied the standards of the medical association9s); therefore, is liable for individual and official capacity for compensatory damages of one hundred (100) thousand dollars, and punitive damages of one hundred (100) thousand dollars for the acts and omission committed with full knowledge thereof.

Defendant Dr. John Bedeau, who is the major medical personnel who is responsible, on site, who have medical knowledge of treatment phases of the program, who is directly responsible for all medical decisions that are made on a daily basis there at "Women Services" facility; Dr. Bedeau over-see the medical services there on site. Violating American With Disability Act (A.D.A.) when the defendant refused services of rehabilitation to the Plaintiff there on site. He has the ethical responsibility for exercising a duty-of-care compatible with the same degree of care that a reasonable and prudent person would exercise in like circumstances. He is responsible for the medical care, and treatment of the plaintiff, in drawing of a disposition in medical matters. This medical personnel defied the standards of the medical association(s), therefore; is liable for individual and official capacity for compensatory damages of two hundred (200) thousand dollars and punitive damages of two hundred (200) thousand dollars for the acts and omissions committed with full knowledge thereof.

Thus, defendants are responsible for the care, and safety to ensure that plaintiff receive not only medical care, but afforded opportunities to progress toward change, as the plaintiff has diligently strived to achieve before defendants forced plaintiff out in the wilderness of uncertainties towards possible death grips of addiction. Denying the plaintiff equal full protection under the policies and regulations that safeguard rehabilitative measure under the care of a doctor. Plaintiff was taken advantage of, discriminated upon under retaliatory measures; abused from those who are officially and individually responsible for the implementation of lawful procedures of the District of Columbia Codes of regulation that governs the operation of a treatment facility. Plaintiff placed her life under the direct care and custody of the Department of Health and/or the successor agency Addiction Prevention Recovery Administration, or any representatives of the "Municipal Corporation".